### PEOPLE v. MACK.

(Supreme Court, Appellate Division, Fourth Department. October 18, 1904.)

1. SALE OF RENOVATED BUTTER—BRANDING PACKAGE.

Agricultural Law, Laws 1893, p. 663, c. 338, § 27, as amended by Laws 1900, p. 1245, c. 534, providing that one shall not sell "renovated butter" unless he shall plainly brand the package in which it is put up with such words; that if it shall be put up, sold, offered, or exposed for sale, in prints or rolls, then the prints or rolls shall be plainly. labeled on the wrapper with such words; that if it is packed in tubs, boxes, pails, or other kind of case or package, such words shall be printed thereon, so as to be plainly seen by the purchaser; and that if the butter is exposed for sale uncovered, not in packages or cases, such label shall be attached to the mass of the butter so as to be easily seen by ·the purchaser—is to prevent imposition on purchasers, and is not violated where the seller. takes a pound of butter from a tub in a cooler, and wraps it in a paper not branded; the tub being branded, and the purchaser knowing this before he paid for the butter, and no attempt to deceive being shown.

Appeal from Trial Term, Oneida County.

Action by the people against Ida M. Mack. From a judgment dismissing the complaint on the merits, after a trial, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Edward Lewis, for the People.

J. W. Rayhill, for respondent.

STOVER, J. This is an action brought to recover a penalty for violation of section 27, c. 338, p. 663, of the Laws of 1893 (the agricultural law), as amended by chapter 534, p. 1245, of the Laws of 1900. The defendant was at the time of the sale proprietor of a small store in Utica, N. Y. The store consisted of two rooms fronting on the street, in one of which groceries were kept for sale, and in the other meat and butter. There was a door through which the rooms communicated. The sale complained of was made to an inspector of the agricultural department of the state, who entered the store and inquired for butter. The defendant went into the room which was used as a meat market, and to the cooler in which the butter was kept, and took a pound of butter therefrom, wrapped it in waxed paper, returned to the grocery,

and delivered the butter to the inspector, who paid her for it. The inspector looked at the package, and, upon the defendant asking why he looked at it, he said he wanted to see if it was branded. The defendant said it did not need to be branded. The inspector, his companion, and the defendant then went into the room where the butter was kept, and the tub from which the butter was taken was shown to the inspector. The tub was branded "Renovated Butter," and the inspector testified that he saw the brand on the side of the tub in plain printed letters, so that he could read it; that he read it, and that he knew it was renovated butter from looking at the tub; that he was satisfied, when it was being put up, that it was renovated butter; and that he learned that fact from looking at the tub. He further testified that he did not ask the defendant if it was renovated butter, because he knew what it was; that he was satisfied that it was renovated butter before he paid for it; and that he took the samples simply for analysis.

The provisions of the agricultural law upon this subject are as follows: Section 27 provides that:

"No person by himself, his agents or employees shall sell boiled or process butter unless he shall plainly brand or mark the package in which it is put up, in a conspicuous place, with the words 'renovated butter.' If the same [renovated butter] shall be put up, sold, offered or exposed for sale, in prints or rolls, then the said prints or rolls shall be labeled plainly with printed letters in a conspicuous place on the wrapper with the words 'renovated butter.' If the same is packed in tubs or boxes or pails or other kind of case or package, the words 'renovated butter' shall be printed on the top and side of the same in letters at least one inch in length, so as to be plainly seen by the purchaser. If such butter is exposed for sale uncovered, not in packages or case, a placard containing the label so printed shall be attached to the mass of butter in such manner as to be easily seen and read by the purchaser." Section 27 of the Agricultural Law (Laws 1893, p. 663, c. 338), as amended by chapter 534, p. 1245, Laws 1900.

The evident intention of the statute was to prevent impositions upon purchasers by the sale of renovated butter. The statute provides for the sale in various forms, namely, a sale of butter in boxes, pails, tubs, and packages, and requires that, when sold in these forms, the packages shall have the prescribed labels upon them; but the further provision of the statute applying to sales not in packages or cases, but when taken from a mass of butter, without limiting the size or character of the mass, or as to the manner in which it may be confined, does not require the label to be put upon the particular package, but simply requires that the mass from which the butter is taken shall be marked, so that the purchaser may plainly see that it is renovated butter, and may not be deceived thereby.

It seems to us that the fair construction of this statute is that in the case of a retailer he may sell from the tub, providing the tub is so exposed that the purchaser may see from the marks upon it that it contains renovated butter. In this case there seems to have been no attempt at deception. The butter was kept in the store and in a cooler, where almost necessarily it must have been kept in order to be properly preserved, and the tub was labeled as required by law. It was properly exhibited to the purchaser, and no deception was actually accomplished or attempted to be practiced upon the purchaser. This would seem to be a substantial compliance with the statute, and the sale from the tub,

under the circumstances set forth in this case, was neither a violation of the spirit nor the letter of the law. The purchaser knew before he paid for the butter that he was buying renovated butter; and there is no evidence anywhere in the case to show that any attempt was made to lead him to believe at any time that he was purchasing anything but renovated butter. The defendant complied with the law by having the mass of butter from which the portion sold was taken marked as required. We think the complaint was properly dismissed, and that the judgment appealed from was right.

Judgment affirmed, with costs. All concur; HISCOCK, J., in result only.