(114 App. Div. 669)

PEOPLE v. WATERS et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. TRIAL—INSTRUCTIONS—EXCEPTIONS.

An exception to a charge that it expressed an erroneous idea, while not stating the same in actual words, and also "to whatever the court said on the subject," was insufficient, as where the language used is not clear or explicit a request should be made in express terms.

2. FOOD—SELLING RENOVATED BUTTER—BRANDING PACKAGE.

Agricultural Law, Laws 1893, p. 663, c. 338, § 27, as amended by subsequent acts, and providing that one shall not sell renovated butter unless the package containing the same is plainly and visibly marked with the words "renovated butter," is not complied with by an oral statement of the seller as to the nature of the butter offered for sale.

Spring and Kruse, JJ., dissenting.

Appeal from Trial Term, Onondaga County.

Action by the people against William B. Waters and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Julius M. Mayer and Joseph S. Rosalsky, for appellant.

Cregg, Hayden & Cregg, for the People.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to recover a penalty for the violation of section 27 of the agricultural law. Chapter 338, p. 663, Laws 1893, as amended by subsequent acts. The complaint originally charged the sale of "cooking butter," but on the trial was amended so as to charge the sale of "renovated butter," and it was charged there were no marks on the package or wrapper to indicate the kind of butter it contained. The material sold was in a tub in a cooler in defendants' store. The tub had upon it the words "Renovated butter," but there was dispute in the evidence as to whether these words were plainly visible while the tub remained in the cooler. There was also dispute in the evidence as to whether the tub was removed from the cooler before the butter was sold, or whether before the sale the purchaser saw the words on the tub, or was told that the material offered for sale was "renovated butter." These disputed questions were all settled by the jury in favor of the defendants, and unless there was reversible error in the charge, the verdict would seem to be amply sustained by the evidence.

People v. Mack, 97 App. Div. 474, 89 N. Y. Supp. 1004, decided by this court, is decisive of the questions involved in this case. It will be necessary to overrule or quite strictly distinguish that case and this in order to reverse this judgment. On the merits, the verdict here was right. The only real question is as to the charge. It is difficult to find any real reason for complaint as to this. The trial judge was not very careful in the use of his language at one place, but there can be little doubt that he was trying to follow the rules laid down in People v. Mack, supra. The exception to the charge complained of, in effect, that "if an oral warning was given by the storekeeper to the purchaser that the article sold was 'renovated butter,' that warning was in itself a sufficient compliance with the statute," was not well taken. No such

language as this was used. It is claimed the idea was expressed, if not in this language, and the exception was also "to whatever the court said on that subject." This will hardly do. If the judge's language was not clear or explicit, a request should have been made in express terms. A judge cannot be expected to recollect the precise words or language used by him in an unwritten charge. We do not assent to the proposition that any oral statement as to the nature of the material offered for sale constitutes a compliance with, or excuse for noncompliance with, the statute, and if any language in the opinion of the court in People v. Mack seems so to imply, we are not disposed to follow the same. In this case the judge charged the law quite clearly to the contrary in some parts of his charge. Only at one place did he seem to be wanting in clearness, and we think the jury could hardly be misled by such language, and the counsel did not properly call attention thereto, and ask to have the real idea of the judge explicitly and clearly stated.

NASH, J., concurs. McLENNAN, P. J., concurs in result. SPRING and KRUSE, JJ., dissent.

SPRING, J. (dissenting). I think the judgment should be reversed. There was a conflict in the evidence as to whether the defendants informed the agents of the state that the butter sold was renovated butter, and, as said in the prevailing opinion, that question of fact has been determined in favor of the defendants. The trouble is, in my judgment, the case was submitted to the jury on a wrong theory, and the effect of that submission was to emasculate the statute. After telling the jury the words must be on the tub, so that they can be "plainly seen by the purchaser," he continues "or, in default of that, a statement must be made by the seller to the purchaser prior to the purchase that the material which is being sold is renovated butter." Again he states:

"The courts seem to hold that, even if the express provisions of the statute are not complied with, yet if equivalent precautions are taken by the storekeeper, so that the purchaser may not be deceived, then the statute is substantially complied with. So in this case the question for you to determine is whether or not the defendants so acted as to render imposition upon the purchaser impossible."

And further along:

"Were statements made to the purchaser before the sale so that the purchaser could not be deceived as to what he was buying? Was he told before the sale that what he did purchase was renovated butter? In short, was deception of any kind as to the material which was being sold to the purchaser attempted or accomplished?"

And nearly at the close of the charge the court stated:

"That is a question of fact for you to determine; whether a deception was accomplished, so that the men going to this store bought this butter not knowing and not being told that it was renovated butter, and without such a mark being upon the tub as in the absence of oral warning would have given him that information."

The effect of this charge was to inform the jury that if the defendants told the purchaser that this was in fact renovated butter they were absolved, even though there had been no compliance with the statute

at all in placing upon the tub the words of the statute. If this rule is to obtain, then in every instance the seller of process butter will claim that he told the purchaser the kind of butter that was being sold, and there will be no marking of the packages at all. This wholesome requirement of marking the tub or package will be done away with, and the purpose of the statute effectually destroyed. An honest dealer will not find it irksome or onerous to mark his tub or package of renovated butter in accordance with the statute. We are not called upon to impair the force of the law to shield the tricky or dishonest vendor of this substitute for genuine butter.

The plaintiff's counsel excepted to the statement of the court "that if an oral warning was given by the storekeeper to the purchaser that the article sold was renovated butter, that warning was, in itself, a sufficient compliance with the statute, and to whatever the court said on that subject." I think this exception was sufficiently explicit, because the whole scope of the charge had been that an oral warning was sufficient, connected with the statement that the statute was designed to prevent imposition or fraud. That was the purpose of the statute, but the method of accomplishing that purpose, prescribed by the statute itself, is by marking the tub or package plainly and visibly to the purchaser with the words "Renovated Butter."

I think the case of People v. Mack, 97 App. Div. 474, 89 N. Y. Supp. 1004, was properly decided, although some statements made in the opinion not necessary to the decision I do not assent to.

KRUSE, J., concurs.